In the matter of the estate of ADAM FRITZ, deceased.

[Decided September 15th, 1914.]

1. Under section 97 of the Orphans Court act (*Comp. Stat. p. 3847*), upon the application of a judgment creditor to the orphans court to order a sale of the decedent's real estate to pay the judgment, the judgment creditor cannot be delayed in her right to the order by showing that she is the surviving executrix of the will of another testator whose estate is indebted to the estate of the debtor's testator in a sum more than sufficient to satisfy said judgment, and that if this indebtedness of the judgment debtor's testator were paid to her executrix, she would then have in hand sufficient personal property to pay such judgment.

2. The circumstances that both parties are officials of the court, and represent different estates and are both subject to the orders of the court, and that it is in the interest of both estates that litigation should be avoided and expenses thereby saved, did not make it the duty and the right of the orphans court to grant an order against the judgment creditor as executrix of the estate of one of the decedents to proceed and settle the same, and to sell the real estate and thereby avoid further litigation.

3. Our statutes confer no authority on the orphans court to try disputed claims except in cases of insolvent estates.

---

On appeal from order of orphans court directing the sale of lands by the executrix of Adam Fritz, deceased.

*Mr. Michael Dunn,* for the appellant. ·

*Mr. Wayne Dumont,* for the respondent.

LEWIS, VICE-ORDINARY.

The appellant, Catherine Fritz, widow and devisee of Adam Fritz, deceased, and sole executrix under his last will, appeals from an order of the orphans court of Passaic county, made March 14th, 1912, requiring the executrix to sell certain real estate to pay the judgment of the petitioners therein. The petition sets forth that on June 23d, 1910, Minnie E. Dodd, to and for the use of Barbara Thomas, recovered a judgment against the executrix of Adam Fritz, in the Passaic county circuit court, for the sum of $753.92; that execution was issued thereon and returned wholly unsatisfied for want of personal estate to be levied on and sold; that Adam Fritz died seized of certain real estate therein described; that petitioner had requested the executrix of Adam Fritz to take proceedings to obtain a sale of the whole or a part thereof for the payment of said judgment, in accordance with the Orphans Court act; and that she has refused to comply with such request for the space of at least one month after being so required, and the orphans court was asked to make an order for the sale of said lands, or a part thereof, for the payment of said judgment, under section 97 of the Orphans Court act.

The answer of Catherine Fritz, executrix as aforesaid, practically confesses the facts set forth in said petition, and seeks to

avoid the relief which would necessarily follow thereon, upon the following grounds:

That said Barbara Thomas, one of the·petitioners, and owner of the said judgment, for all practical purposes, is the surviving executrix of the last will and testament of Peter Fritz, deceased, of whom the said Adam Fritz was a son, said Adam Fritz in his lifetime being also an executor of the said last will and testament of Peter Fritz, deceased; that the estate of Peter Fritz, deceased, is indebted to the estate of Adam Fritz, and that if this indebtedness were paid to the executrix of Adam Fritz she would then have in hand sufficient personal property with which to pay the judgment of Barbara Thomas; and upon these facts the appellant, Catherine Fritz, not only resists the granting of the relief prayed for in the petition, but, by way of cross-petition, she attacks the answer and prays for affirmative relief, by asking the court to make an order directing the said Barbara Thomas to file an account of her administration of the estate of Peter Fritz, and to sell the real estate of the said Peter Fritz, for the purpose of paying to the executrix of Adam Fritz, the appellant, the money so due on said estate.

To this answer and cross-petition the respondents replied, that by virtue of a certain writing under the hand and seal of said Barbara Thomas and said Adam Fritz, her brother and co-executor, made during his lifetime, said money so due from the ·estate of Peter Fritz to the estate of Adam Fritz is not to be payable until the death of an invalid sister of Barbara Fritz.

The jurisdiction of the orphans court in this case arises—

(1) From the obtaining of the judgment against the executrix, Catherine Fritz.

(2) The issuing of execution which remains unsatisfied "for want of personal estate to be levied on and sold."

(3) That there is real estate.

(4) The neglect of the executrix, after notice, to sell said lands.

The testimony taken before me shows that the estate of Peter Fritz, deceased, of which Barbara Thomas is the surviving executrix, is indebted to the estate of Adam Fritz, deceased, in

the sum of $1,859.99 on a promissory note, dated October 16th, 1908, payable thirty days after date, which was given by the executors for moneys loaned and advanced by Adam Fritz to the estate of Peter Fritz, and which was used to buy out the dower right of the widow of Peter Fritz, and also to pay taxes and insurance and to make necessary repairs to maintain and keep the buildings on the property of Peter Fritz in a tenantable condition, to prevent the estate from waste, and the money so advanced is evidenced by this note; that under the will of Peter Fritz the whole estate is devised to the executors therein named, to be by them distributed as therein mentioned; that it also gave the executors full power to sell and convey the real estate; that the said Adam Fritz was also a devisee and legatee under said will; that the effect of the said will of Peter Fritz, in devising the property to the executors for distribution, was practically to convert his property so that it might be treated as if it were personal estate; that the said Barbara Thomas was requested, as surviving executrix of the said Peter Fritz, deceased, to file her account and proceed to settle the estate and raise the necessary moneys to pay this note of $1,859.99 due to the estate of Adam Fritz, and to pay to her the amount of the interest of Adam Fritz in the estate of Peter Fritz, as would be shown in the final settlement, thereby putting into the hands of Catherine Fritz, executrix of Adam Fritz, the money due to the estate of Adam Fritz from the estate of Peter Fritz to enable her to liquidate the said judgment.

It is the contention of the appellant that both parties, being officials of the court, and representing different estates, and both being subject to the orders of the court, and it being in the interest of both estates that litigation should be avoided and expenses thereby saved, that it was the duty and the right of the orphans court to grant an order against Barbara Thomas as executrix of Peter Fritz, to proceed and settle the same, and to sell the real estate and thereby avoid further litigation.

It will be noted that the judgment obtained by Barbara Thomas against the estate of her co-executor was obtained by her in her individual capacity.

"Our statutes confer no authority on the orphans court to try disputed claims, except in the case of insolvent estates." *Middleton* v. *Middleton, 35 N. J. Eq. 115,* and cases there cited.

"It (the orphans court) being a court created by statute, and invested with special powers and jurisdiction in derogation of the powers of the courts established by the constitution, it must be restrained in the exercise of those powers and jurisdiction by the words of the statute." *Ludlow* v. *Ludlow, 4 N. J. Law 189; Tenbrook* v. *McColm, 10 N. J. Law 333; Bray* v. *Neill, 21 N. J. Eq. 343.*

"Choses in action are subject to execution only when made so by statute." *17 Cyc. 971.*

Our statute concerning execution does not make choses in action the subject of levy and sale, except in certain specified cases, amongst which promissory notes are not included.

I am, therefore, well satisfied that there was no error in the decree of the court below, so far as the promissory note was concerned.

In regard to the distributive share of the estate of Peter Fritz, to which Adam Fritz would be entitled, I fail to see any reason for delaying the collection of the judgment. A judgment creditor can sell personalty or realty at his option on execution. He is the one the law is particularly interested in seeing made whole. However, when the debtor dies and his estate is sued his personalty becomes liable, first of all, and his realty only secondarily. The law still primarily looks after the judgment creditor. The protection of the heir is only a secondary matter. The heir may give bond to prevent the sale of the real estate if he wishes to do so and thus prevent a forced sale of the realty. Therefore, I must assume that as the Orphans Court act clearly states that if there is not sufficient personalty to pay the judgment, the realty (or so much thereof as may be necessary) shall be sold, that must be the order, as the orphans court is only a statutory court.

The decree shall be affirmed.